# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND DRAPER, | ) 1:04-cv-6241-AWI-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) APPLICATION TO PROCEED IN FORMA |
| | ) PAUPERIS (DOC. 2) |
| v. | ) |
| | ) ORDER DISMISSING PLAINTIFF'S |
| FRESNO POLICE DEPARTMENT, | ) COMPLAINT WITH LEAVE TO FILE AN |
| at al., | ) AMENDED COMPLAINT NO LATER THAN |
| | ) THIRTY DAYS AFTER THE DATE OF |
| Defendants. | ) SERVICE OF THIS ORDER (DOC. 1) |
| | ) |
| _____ | ) |

Plaintiff is a state prisoner housed at the Fresno County Jail who is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Due to a clerical error, a delay occurred in processing Plaintiff's application to proceed in forma pauperis and in screening his complaint, which was filed on August 30, 2004.

I. Application to Proceed in Forma Pauperis

On September 2, 2004, Plaintiff filed an application to proceed in forma pauperis.

1

1    Plaintiff has submitted a declaration that makes the showing
2  required by § 1915(a). Accordingly, the request to proceed in
3  forma pauperis will be granted. 28 U.S.C. § 1915(a).

4    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to
5  pay the statutory filing fee of $150.00 for this action.[1] No
6  initial partial filing will be assessed by this order. 28 U.S.C.
7  § 1915(b)(1). By separate order, the Court will direct the
8  appropriate agency to collect monthly payments of twenty percent
9  of the preceding month's income credited to Plaintiff's prison
10  trust account. These payments will be forwarded by the
11  appropriate agency to the Clerk of the Court each time the amount
12  in Plaintiff's account exceeds $10.00, until the filing fee is
13  paid in full. 28 U.S.C. § 1915(b)(2).

14    II. <u>Screening the Complaint</u>

15        A. <u>Legal Standards</u>

16    The Court must screen complaints brought by prisoners
17  seeking relief against a governmental entity or officer. 28
18  U.S.C. § 1915A(a). The Court must dismiss a complaint or portion
19  thereof if the Court determines that an allegation of poverty is
20  untrue or that the action is 1) frivolous or malicious, 2) fails
21  to state a claim upon which relief may be granted, or 3) seeks
22  monetary relief from a defendant who is immune from such relief.
23  28 U.S.C. §§ 1915A(b), 1915(e)(2).

24    In reviewing a complaint under this standard, the Court

25

26        [1] The filing fee for civil actions was $150.00 at the time
   Plaintiff filed his complaint. 28 U.S.C. § 1914, as amended
27  effective October 19, 1996, Pub. L. No. 104-317, 110 Stat. 3853
   (1996).
28

must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.

3

1  <u>Id.</u>

2       The test for malice is a subjective one that requires the

3  Court to determine whether the applicant is proceeding in good

4  faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46

5  (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir.

6  1986). A lack of good faith is most commonly found in repetitive

7  suits filed by plaintiffs who have used the advantage of cost-

8  free filing to file a multiplicity of suits. A complaint may be

9  inferred to be malicious if it suggests an intent to vex the

10 defendants or abuse the judicial process by relitigating claims

11 decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309

12 (D.C.Cir. 1981); if it threatens violence or contains

13 disrespectful references to the Court, <u>id.</u>; or if it contains

14 untrue material allegations of fact or false statements made with

15 knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,

16 741 F.2d 209, 212 (8th Cir. 1984).

17       B. <u>Plaintiff's Complaint</u>

18       Plaintiff sues the Fresno Police Department and University

19 Medical Center. The only facts stated in the complaint regarding

20 the grounds for relief are that Plaintiff is looking for some

21 kind of currency relief for all the pain and suffering he and his

22 family have gone through. (Cmplt. p. 3.) With respect to

23 exhaustion of administrative remedies, Plaintiff states that he

24 has not appealed the facts because "they" (apparently his

25 custodians at the Fresno County Jail) claim that they are the

26 sheriff and have nothing to do with the police department. Thus,

27 it appears that Plaintiff's complaint does not concern his

28 conditions of confinement at the jail.

4

1   The Court finds Plaintiff's allegations to be so vague and
2   confusing that it is unable to determine whether the current
3   action is frivolous or fails to state a claim for relief. The
4   Court has determined that the complaint does not contain a short
5   and plain statement as required by Federal Rule of Civil
6   Procedure 8(a)(2). Although the Federal Rules adopt a flexible
7   pleading policy, a complaint must give fair notice and state the
8   elements of the claim plainly and succinctly. Jones v. Community
9   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must
10  allege with at least some degree of particularity overt acts
11  which defendants engaged in that support Plaintiff's claim. Id.
12  In this instance, the Court finds that Plaintiff's allegations
13  are not sufficient to put any defendant on notice as to what
14  actions violated Plaintiff's rights in any respect.

15      Further, Plaintiff has not stated facts that indicate a
16  basis for a conclusion that this Court has subject matter
17  jurisdiction over this action.

18      Plaintiff IS INFORMED that the Civil Rights Act under which
19  this action was filed provides:

20          Every person who, under color of [state law]...
            subjects, or causes to be subjected, any citizen of the
21          United States... to the deprivation of any rights,
            privileges, or immunities secured by the
22          Constitution... shall be liable to the party injured in
            an action at law, suit in equity, or other proper
23          proceeding for redress.

24  42 U.S.C. § 1983. To state a claim pursuant to § 1983, a
25  plaintiff must plead that defendants acted under color of state
26  law at the time the act complained of was committed and that the
27  defendants deprived the plaintiff of rights, privileges, or
28  immunities secured by the Constitution or laws of the United

1  States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir.

2  1986). Plaintiff has not identified any individual defendant or

3  any conduct on the part of any such defendant that provides a

4  basis for a claim for relief.

5       III. <u>Amendment of the Complaint</u>

6       In summary, the Court finds it necessary to dismiss the

7  complaint in its entirety. Plaintiff has failed to state a

8  cognizable claim against any defendant and has failed to plead

9  facts demonstrating jurisdiction in this Court. However, it is

10 possible that Plaintiff can allege a set of facts, consistent

11 with the allegations, in support of the claim or claims that

12 would entitle him to relief. Thus, the Court will grant Plaintiff

13 an opportunity to amend the complaint to cure the deficiencies of

14 this complaint. **Plaintiff is informed that a failure to cure the**

15 **deficiencies by submitting an amended complaint will result in**

16 **dismissal of this action without leave to amend and with**

17 **prejudice for failure to state a claim, failure to prosecute, and**

18 **failure to comply with an order of the Court.**

19      A complaint must contain a short and plain statement as

20 required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules

21 adopt a flexible pleading policy, a complaint must give fair

22 notice and state the elements of the claim plainly and

23 succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649

24 (9th Cir. 1984). Plaintiff must allege with at least some degree

25 of particularity overt acts which the defendants engaged in that

26 support Plaintiff's claim. <u>Id.</u>

27      In addition, Plaintiff is informed that the court cannot

28 refer to a prior pleading in order to make Plaintiff's amended

1    complaint complete. Local Rule 15-220 requires that an amended

2    complaint be complete in itself without reference to any prior

3    pleading. This is because, as a general rule, an amended

4    complaint supersedes the original complaint. See Loux v. Rhay,

5    375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended

6    complaint, the original pleading no longer serves any function in

7    the case. Therefore, in an amended complaint, as in an original

8    complaint, each claim and the involvement of each defendant must

9    be sufficiently alleged.

10        In accordance with the above, IT IS HEREBY ORDERED

11   that:

12        1. Plaintiff's request for leave to proceed in forma

13   pauperis IS GRANTED; and

14        2. Plaintiff IS OBLIGATED to pay the statutory filing

15   fee of $150.00 for this action; Plaintiff is not assessed an

16   initial partial filing fee; all fees shall be collected and paid

17   in accordance with this Court's order to the Fresno County Jail

18   or its designee filed concurrently herewith; and

19        3.  Plaintiff's complaint IS DISMISSED; and

20        4.  Plaintiff IS GRANTED thirty days from the date of

21   service of this order to file an amended complaint that complies

22   with the requirements of the pertinent substantive law, the

23   Federal Rules of Civil Procedure, and the Local Rules of

24   Practice; the amended complaint must bear the docket number

25   assigned this case and must be labeled "First Amended Complaint";

26   failure to file an amended complaint in accordance with this

27   order will be considered to be a failure to comply with

28   an order of the Court pursuant to Local Rule 11-110 and will

7

1    result in dismissal of this action.

2

3    IT IS SO ORDERED.

4    **Dated:     September 15, 2006                       /s/ Sandra M. Snyder**
     icido3                              UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28