UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LELAND DRAPER, | ) | 1:04-cv-6241-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS ACTION WITH PREJUDICE FOR |
| | ) | PLAINTIFF'S FAILURE TO COMPLY |
| v. | ) | WITH AN ORDER OF THE COURT, TO |
| | ) | PROSECUTE, AND TO STATE A CLAIM |
| FRESNO POLICE DEPARTMENT, | ) | UPON WHICH RELIEF MAY BE GRANTED |
| at al., | ) | (DOCS. 1, 4) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a state prisoner housed at the Fresno County Jail who is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Plaintiff filed his complaint on August 30, 2004. On September 15, 2006, the Court found that Plaintiff had failed to state a claim upon which relief could be granted, ordered the complaint dismissed with leave to amend, and directed Plaintiff to file an amended complaint no later than thirty days after the date of service of the order. The order was served by mail on

1

1  September 15, 2006.
2       To date, more than thirty days have passed, but Plaintiff
3  has not filed the amended complaint, responded to the order to
4  show cause, or timely sought an extension of time in which either
5  to file the amended complaint or respond in regard to the failure
6  to do so.
7       On September 25, 2006, the Court's order dismissing the
8  complaint without leave to amend was returned as undeliverable;
9  the correspondence reflected that Plaintiff was out of custody,
10 and to return to sender. Plaintiff has not filed with this Court
11 a change of address form as required by Local Rule 83-182(f),
12 which provides that absent such a notice of change of address,
13 service of documents at the prior address of the party shall be
14 fully effective.
15      Local Rule 11-110 provides that "...failure of counsel or of
16 a party to comply with these Local Rules or with any order of the
17 Court may be grounds for the imposition by the Court of any and
18 all sanctions...within the inherent power of the Court." District
19 courts have the inherent power to control their dockets and "in
20 the exercise of that power, they may impose sanctions including,
21 where appropriate...dismissal of a case." Thompson v. Housing
22 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an
23 action, with prejudice, based on a party's failure to prosecute
24 an action, failure to obey a court order, or failure to comply
25 with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54
26 (9th Cir. 1995) (dismissal for noncompliance with local rule);
27 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
28 (dismissal for failure to comply with an order requiring

2

amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since August 2004. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed

3

herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint expressly stated that a failure to file an amended complaint in accordance with that order would be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and would result in dismissal of the action. Thus, Plaintiff received adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, pursuant to Local Rule 11-110 for Plaintiff's failure to comply with the Court's order and to prosecute, and, for the reasons stated in the Court's order of September 15, 2006, for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

4

1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 31, 2006**                          **/s/ Sandra M. Snyder**
icido3                                                                UNITED STATES MAGISTRATE JUDGE